IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROSETTA VALERIE CANNATA

    Petitioner,
v.                                                     Case No. 5:22-cv-173/TKW/MAL

KEVIN D. PISTRO, WARDEN
F.C.I. MARIANNA

    Respondent.
                                   /

## REPORT AND RECOMMENDATION

In August of 2022, Petitioner filed a pro se habeas petition under 28 U.S.C. § 2241, raising two grounds for relief. ECF No. 1. She sought an order compelling the Bureau of Prisons to stop withholding sentencing credits to which she claimed to be entitled under the First Step Act ("FSA") and an order compelling the BOP to cease from requiring her to serve 50% of her sentence to qualify for home confinement under the Coronavirus Aid, Relief and Economic Security Act (CARES Act).[1] *Id.* at 7.

Respondent moved to dismiss the petition for failure to exhaust administrative remedies, mootness and lack of jurisdiction, (ECF No. 9), and Petitioner responded

---

[1] This claim morphed in Petitioner's response to a request that she be re-processed for home confinement as she passed the 50% threshold. ECF No. 10 at 8.

in opposition to the motion. ECF No. 10. In her response, Petitioner conceded she did not exhaust her administrative remedies as to her first claim, but claimed she was entitled to earned time credits that "should be applied towards getting [her] to the door for Home Confinement." *Id.* at 2. Her second claim evolved into a request that she be processed for home confinement because she had passed the 50% threshold. *See id.* at 8. Thus, the crux of her petition was her desire to be placed on home confinement.

Petitioner has a second case pending in this district, also involving a § 2241 petition. Case 5:23cv14/MCR/MAL. She filed a "Motion for Change of Address" in that case in which she indicated "[a]s of May 24, 2023, the Petitioner will now reside at her home." Petitioner did not submit a similar notice for this case.

On June 6, 2023, I entered an order directing the clerk to file a copy of Petitioner's notice of change of address in this case and to amend the docket to reflect Petitioner's new address. ECF No. 11. The order also noted that because Petitioner is now residing at her home, presumably on home confinement, there did not appear to be any continued case or controversy in this case. Petitioner was instructed to show cause within fourteen days from the date of that order why her request for relief should not be dismissed as moot due to her placement on home confinement. The order warned that failure to comply would result in a recommendation of dismissal

of this case. The fourteen-day period expired on June 20, 2023, and Petitioner has not responded.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626 (1962). Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order, typically upon motion of the defendant. *See Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989) (citing cases). Rule 41.1 of the Local Rules of the Northern District of Florida also authorizes the court to impose sanctions, up to and including dismissal, for failure to comply with a rule or court order. Thus, because Petitioner has failed to comply with Court orders necessary for the continuation of this case, and the case appears to have been rendered moot by Petitioner's placement on home confinement, the petition should be dismissed.

Accordingly, it is respectfully RECOMMENDED:

1. Petitioner's petition under 28 U.S.C. § 2241 (ECF No. 1) be **DISMISSED** without prejudice.

2. The Motion to Dismiss (ECF No. 9) be **DENIED as MOOT.**

3. The clerk be directed to close the case file.

At Gainesville, Florida on July 5, 2023.

                                                s/ *Midori A. Lowry*
                                                Midori A. Lowry
                                                United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.